UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:16-cr-284

        Plaintiff,

v.                                                          MEMORANDUM OPINION
                                                            AND ORDER

William H. Cook, III,

        Defendant.

On October 19, 2018, a jury found Defendant William H. Cook, III guilty of wire fraud, conspiracy to commit wire fraud, and mail fraud. Cook has filed a motion for a new trial. He asserts his conviction should be vacated and a new trial ordered as a result of newly discovered evidence and what he describes as "material misrepresentations, deceits[,] and falsehoods" in the government's closing argument. (Doc. No. 65 at 1). The government opposes this motion. (Doc. No. 67). Cook filed a brief in reply. (Doc. No. 68). For the reasons stated below, I deny Cook's motion.

## I.    BACKGROUND

Cook, along with John Moon and Gerald Tillman, co-owned a business named AlphaCare Services, Inc. AlphaCare provided payroll processing services for its clients, including a company called Construction Contractors Employer Group ("CCEG"). CCEG was a professional employer organization, an entity which provides services like payroll, tax withholding, and worker's

1

compensation insurance to its members. In this case, CCEG's members were a collection of small construction companies.

AlphaCare provided services to CCEG pursuant to a management services agreement. CCEG's members sent checks to AlphaCare, which AlphaCare was supposed to deposit into CCEG's accounts, and with which AlphaCare was supposed to pay the payroll, taxes, and insurance premiums for the employees of CCEG's members.

In 2012, however, the Internal Revenue Service ("IRS") placed liens on CCEG's bank accounts, asserting that CCEG had failed to pay taxes. Instead, Moon, who was the treasurer for both AlphaCare and CCEG, had been moving money from CCEG's accounts to AlphaCare's accounts. From there, Moon and Cook, who was AlphaCare's president, wrote themselves checks, or withdrew cash using an ATM card.

The government also presented evidence that Cook fraudulently obtained money from CCEG in connection with a third-party company called Compensation Analysis, which was owned by Daniel O'Brien. CCEG had entered into an agreement with Compensation Analysis pursuant to which Compensation Analysis would consult on CCEG's worker's compensation claims. Compensation Analysis charged a flat fee of $2,500 per month for its services. Cook would submit an invoice to Compensation Analysis, which Moon would pay, but in excess of the invoiced sum. O'Brien would retain Compensation Analysis's fees and forward the excess money to AlphaCare, with Moon and Cook eventually receiving those funds from AlphaCare.

While Cook argued Moon was the sole wrong-doer, a jury disagreed and found Cook guilty of conspiracy to commit wire fraud, wire fraud, and mail fraud. Cook subsequently filed a motion for a new trial, claiming the jury's verdict should be vacated due to the discovery of new evidence and alleged misconduct during the government's closing argument.

## II. DISCUSSION

### A. NEWLY-DISCOVERED EVIDENCE

A defendant may be entitled to set aside his conviction and obtain a new trial based upon newly-discovered evidence pursuant to Federal Criminal Rule 33 if "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal." *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009) (quoting *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991)).

Cook offers, as newly-discovered evidence, records from the Domestic Relations Division of the Wood County, Ohio Court of Common Pleas, in which Moon's now ex-wife claimed Moon lived in Maumee, Ohio, rather than in the Moons' marital home in Bowling Green, Ohio. (Doc. No. 65-4). Cook argues this information is relevant because the government argued the jury could infer Cook, and not Moon, withdrew $500 from an ATM located in Maumee, Ohio, because Moon lived in Bowling Green, Ohio, and Cook lived in Maumee. (Doc. No. 65 at 3).

As the government notes, Cook offers no explanation as to why he could not have discovered this evidence prior to the trial. The divorce complaint was filed in 2009, approximately seven years prior to Cook's indictment and nine years prior to trial. Further, during the trial, defense counsel repeatedly questioned Moon and other witnesses about Moon's conduct and his divorce, arguing at one point that Moon have been attempting to defraud his wife during their divorce proceedings and that evidence of those actions may be relevant to the jury's evaluation of Moon's credibility. (Doc. No. 60 at 136). Cook therefore was fully aware of Moon's divorce proceedings prior to his trial but fails to show that he could not have obtained, through due diligence, a copy of the publicly-available documents filed in the Moons' divorce proceedings.

Moreover, Cook does not establish the fourth element of the newly-discovered evidence test – that the evidence would likely produce an acquittal. As an initial matter, the jury still would be free to infer that Cook, and not Moon, withdrew the $500 from the ATM, which was located across the street from a Speedway gas station at which Cook made numerous purchases in the months surrounding the date of that withdrawal. *See Seago*, 930 F.2d at 491 (rejecting defendant's proffer of purported newly-discovered evidence and holding "[p]erhaps [the information] would have created a conflict in the evidence, but such conflicts do not amount to a likelihood of acquittal").

More importantly, the government presented evidence which was sufficient to establish the existence of a conspiracy to commit wire fraud, and that Cook was a member of that conspiracy. Even if Cook himself had not used wire communications to fraudulently move money from CCEG's bank accounts, there is no dispute Moon did so. The law permits that conduct to be imputed to all members of the conspiracy. Therefore, Cook cannot show he likely would have been acquitted if the jury had seen evidence that Moon lived in Maumee, Ohio, beginning in 2009.

I deny Cook's motion for a new trial based upon newly-discovered evidence because he fails to identify evidence which he could not have located with due diligence prior to trial or which would likely lead to his acquittal.

### B. PROSECUTORIAL MISCONDUCT

Cook also seeks a new trial based upon what he alleges was prosecutorial misconduct – lies the government allegedly told during the rebuttal closing argument and the government's characterization of him as a liar, arguing he should be permitted to testify in his own defense "without fear of being falsely branded a liar by an AUSA who used multiple provable lies in his wrongful effort to convince the jury that Cook's testimony was untruthful." (Doc. No. 68 at 9).

As the government points out, however, the deadline for Cook to file this motion expired nearly eight months prior to the date on which he filed it. *See* Fed. R. Crim. P. 33(b)(2) ("Any

motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.").

The jury returned its verdict on October 19, 2018, and Cook offers no reason why he did not file his motion concerning the government's alleged misconduct in a timely manner. Further, even if Cook were to argue he did not know the full scope of the government's rebuttal closing argument until the trial transcript was finalized, that transcript was filed on May 28, 2019, thirty days prior to the date on which Cook filed his motion.

Rule 33 sets out an "inflexible" standard which "assure[s] relief to a party properly raising [it]." *Eberhart v. United States*, 546 U.S. 12, 19 (2005). The government clearly raised the time limitations imposed by Rule 33, (Doc. No. 67 at 8), and I am bound by the *Eberhart* Court's decision to deny Cook's motion on this ground as untimely.

### III. CONCLUSION

For the reasons stated above, Cook's motion for a new trial, (Doc. No. 65), is denied. So Ordered.

s/ Jeffrey J. Helmick
United States District Judge