UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:16-cr-284

　　　　　　Plaintiff,

　　　v.　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

William H. Cook, III,

　　　　　　Defendant.

## I.　Introduction and Background

Defendant William H. Cook, III, seeks an order modifying his sentence to impose a term of home confinement rather than incarceration. (Doc. No. 114). The government filed a brief in response, (Doc. No. 118), and Cook filed a brief in reply. (Doc. No. 119).

On September 6, 2016, Cook was charged by indictment with conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; and mail fraud in violation of 18 U.S.C. § 1341. (Doc. No. 2). The case proceeded to a jury trial and, on October 19, 2018, Cook was found guilty on all three counts. (*See* Doc. No. 47).

Cook filed a motion for a new trial, (Doc. No. 65), which I denied. (Doc. No. 69). I subsequently sentenced Cook to a term of 28 months in prison and a 2-year term of supervised release on each count, to be served concurrently. (Doc. No. 83). I also ordered Cook to pay restitution in the amount of $2,847,785.54. (*Id.*).

Cook filed a notice of appeal. (Doc. No. 85). The Sixth Circuit Court of Appeals denied Cook's claims on appeal and affirmed his conviction. *United States v. Cook*, No. 20-3121 (6th Cir. Apr. 14, 2021).

Following his arraignment, Cook was released on bond and he remained on bond following trial. During his sentencing hearing, I ordered Cook to surrender to begin service of his sentence at an institution to be determined by the Federal Bureau of Prisons ("BOP") and at a date and time of which he would be notified by the United States Marshal. Between January 17, 2020, the date of Cook's sentencing hearing, and his subsequently determined surrender date of April 15, 2020, Covid-19 began to spread at an increasing rate in the United States generally and congregate settings like prisons specifically.

Cook filed a motion to extend his surrender date based upon a course of ongoing medical treatment as well as several medical conditions which, he asserted, placed him at higher risk of serious complications if he were to contract Covid-19. (Doc. No. 94). The government did not object to this request. I granted Cook's motion, vacated his April 15, 2020 self-surrender date, and ordered that the BOP not designate Cook to surrender to a BOP facility until after October 1, 2020. (Doc. No. 95).

Cook subsequently filed, and I granted, four more motions to extend his surrender date. He currently is required to surrender to the BOP no sooner than January 15, 2022. (*See* non-document entry dated October 28, 2021). Cook since has filed another motion to extend his self-surrender date. (Doc. No. 122).

He also has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing his medical conditions and the continued presence of Covid-19 in BOP facilities warrant the modification of his sentence from a term of imprisonment to a term of home confinement. (Doc. No. 114). The government opposes Cook's motion, arguing § 3582(c)(1)(A)

2

does not apply to defendants who are not in BOP custody and that, even if it did, Cook does not qualify for compassionate release. (Doc. No. 118). Cook filed a notice of supplemental authority, (Doc. No. 127), and a notice of the BOP's refusal to consider his request for administrative relief. (Doc. No. 128).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

The government argues the fact that Cook is not in custody means that § 3582(c)(1)(A) does not apply to him at all and, therefore, this Court lacks jurisdiction to hear Cook's compassionate release motion. (Doc. No. 118 at 4-9).

I am not persuaded by the government's jurisdiction argument. Nothing in § 3582(c)(1)(A) requires that a defendant be in the BOP's custody before filing a motion for compassionate release. *See United States v. Maxwell*, Case No. 1:17-cr-74(3), 2021 WL 4776012, at *4 (S.D. Ohio Oct. 13, 2021) (holding "a defendant need not be in physical BOP custody" to file a motion for compassionate release pursuant to § 3582(c)(1)(A)).

While the government contends the language of the statute requires a defendant to serve some part of the custodial sentence before becoming eligible for compassionate release, (*see* Doc. No. 118 at 4-5), the fact that the statute references the "unserved portion" of the defendant's sentence does not plainly mean that the defendant must be in custody before filing a motion for

3

compassionate release. That phrase places limits on the length of a term of probation or supervised release which a court may impose in lieu of a custodial sentence. *See* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . may impose a term of probation or supervised release with or without conditions that does not exceed <u>the unserved portion of the original term of imprisonment</u> . . . .") (emphasis added). Further, the statute's reference to "probation" – that is, a period of community supervision imposed instead of a custodial prison term – appears to leave open the possibility of compassionate release in circumstances similar to Cook's.

Defendants who seek compassionate release pursuant to § 3582(c)(1)(A) must comply with that section's exhaustion requirement. *See, e.g., United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (citing *Alam*, 960 F.3d at 832); *United States v. Mathews*, 846 F. App'x 362, 365 n.5 (6th Cir. 2021). *See also Maxwell*, 2021 WL 4776012, at *4 (considering motion for compassionate release by non-custodial defendant who submitted administrative request after defendant's BOP facility was designated).

Cook initially argued he was not required to exhaust any administrative remedies because, in his view, § 3582(c)(1)(A)'s mandatory exhaustion provision does not apply to defendants not yet in the custody of the BOP. (Doc. No. 114 at 4-7). He subsequently submitted notice that his request for administrative relief was denied because he is not in BOP custody. (Doc. No. 128). I conclude Cook's request satisfies his duty to exhaust his administrative remedies.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified

4

or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Cook contends his medical conditions – including prostate cancer (for which he currently is undergoing treatment), Type 2 diabetes, and hypertension – constitute extraordinary and compelling reasons for a reduction in his sentence because those conditions place him at great risk of serious complications or death if he were to contract Covid-19. (Doc. No. 114 at 1-3). Cook previously received a Covid-19 vaccination in the spring of 2021, (*see* Doc. No. 109 at 2), but he argues that being placed in "close confinement with large groups of individuals" would be inconsistent with his doctors' conclusions that he should avoid "any risk" of contracting Covid-19. (Doc. No. 114 at 2-3).

But even if I were to conclude Cook has met his burden of establishing extraordinary and compelling reasons to warrant a reduction, he would not be entitled to a reduced sentence because he fails to show a reduction would be consistent with the § 3553(a) factors I must weigh in imposing an appropriate sentence. I took Cook's age and health conditions[1] into account when I varied downward from the Guideline range of 57-71 months and sentenced Cook to a term of 28 months in custody. (*See* Doc. Nos. 83 and 84); (*see also* Doc. No. 86 at 43-54).

Moreover, during Cook's sentencing hearing, I expressly concluded "my oath and duty in the law require[d] me" to reject Cook's request for a non-custodial sentence. (*Id.* at 44). In so concluding, I noted the Sixth Circuit has held that a non-custodial or nominal custodial sentence for a white-collar crime almost always will fail to "'serve the goals of societal deterrence.'" *United States*

---

[1] Cook does not assert that he has developed any new medical conditions since his sentencing hearing.

5

*v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014) (quoting *United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008)).

Cook does not address this point in his briefing in support of his motion. (*See* Doc. No. 114 at 3-4; Doc. No. 119). Instead, he argues a reduced sentence is justified by his lack of criminal record and the unlikelihood of recidivation, while also attempting to deflect blame for the underlying offense conduct onto his co-defendant. (Doc. No. 114 at 3 ("The vast majority of the losses to the victims in this case were the result of his co-defendant's gambling losses.")).

I previously considered these arguments in imposing a below-Guideline range sentence. (Doc. No. 86 at 52-54). Despite Cook's age, medical conditions, absence of prior criminal history, and "exceedingly low" likelihood of recidivism, I rejected his request for a non-custodial sentence: "Nevertheless, a prison sentence is appropriate because you need to be punished for what you did. I need to promote respect for the law, and I need to deter others from engaging in such similar conduct." (*Id.* at 54).

Cook bears the burden of making "a compelling case as to why the . . . § 3553(a) analysis would be different" now than it was during his original sentencing hearing. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). He has not done so. Therefore, I conclude he is not entitled to a sentence reduction.

### III.   CONCLUSION

For these reasons, I deny Cook's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 114).

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge

6