UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                Case No. 3:16-cr-284

        Plaintiff,

   v.                                                                    ORDER

William H. Cook, III,

        Defendant.

On January 17, 2020, I sentenced Defendant William H. Cook, III, to a term of 28 months in prison and a 2-year term of supervised release on each count, to be served concurrently, after he was convicted by a jury of conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; and mail fraud in violation of 18 U.S.C. § 1341. On April 1, 2020, I granted Cook's first motion to extend his surrender date based upon a course of ongoing medical treatment as well as several medical conditions which, he asserted, placed him at higher risk of serious complications if he were to contract Covid-19. (Doc. No. 94). I subsequently granted five more motions from Cook to extend his surrender date, based upon his medical conditions and the elevated risk of a Covid-19 infection during incarceration.

Cook also filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing his medical conditions and the continued presence of Covid-19 in BOP facilities warrant the modification of his sentence from a term of imprisonment to a term of home confinement. (Doc. No. 114). I denied Cook's motion, concluding Cook failed to establish a reduced sentence would be

consistent with the § 3553(a) factors I must weigh in imposing an appropriate sentence. (Doc. No. 129). Cook has appealed my ruling to the Sixth Circuit Court of Appeals. (Doc. No. 130).

He also has filed two motions: (1) a motion to suspend his report date pending appeal; and (2) a motion for an indicative ruling on the motion to suspend pursuant to Federal Rule of Criminal Procedure 37. (Doc. Nos. 131 and 132). Rule 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> (1) defer considering the motion;
> 
> (2) deny the motion; or
> 
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

Fed. R. Crim. P. 37(a).

Cook offers four reasons why I should again suspend his reporting date: (1) his prostate cancer has worsened and again requires active treatment from his doctor; (2) the increased risk he faces of contracting Covid-19 in a prison setting; (3) postponing his report date would "allow his current medical providers to attempt an orderly handoff of his treatment to the BOP medical staff" and the passage of time may permit the Covid-19 pandemic to further recede; and, (4) suspending his report date "will facilitate meaningful review" because he will not be exposed "to the very harm which he seeks to avoid by appealing this Court's order." (Doc. No. 134 at 1-2). I do not find these reasons persuasive.

While it is understandable Cook desires to continue monitoring his medical conditions with doctors with whom he has an established relationship, he has not shown the BOP is unable to properly treat him. Nor has he shown that the 47-day period between the date I granted his motion to defer his previous report date and his new report date was insufficient to permit him to communicate his medical records and current course of treatment to the BOP.

2

Further, to the extent Cook believes another extension would further reduce the prevalence of Covid-19 within the BOP, the data shows that risk currently is abating. On February 11, 2022, when Cook filed his motion, his designated facility, FCI Ashland, reported a total of 38 cases between inmates and staff. (*See* Doc. No. 131 at 2). One week later, on February 18, FCI Ashland reported 13 total cases.

Finally, Cook fails to show that denying another extension of his report date would prohibit the Sixth Circuit from engaging in meaningful appellate review of my denial of his motion for a reduced sentence. The facts and the law underlying my decision will not be mooted simply because Cook is required to begin serving his sentence some 25 months after I imposed that sentence.

I am sympathetic to Cook's concern for his health and wellbeing. But neither his medical conditions nor the Covid-19 pandemic is susceptible to the prediction that three, four, or five additional months would place those circumstances in a more favorable position. (*See* Doc. No. 134 at 2-3). I already have concluded that those circumstances do not warrant a reduction in Cook's sentence and he has not demonstrated it is appropriate to accomplish the same goal by different means.

For these reasons, I deny Cook's motion to suspend his report date and his motion for an indicative ruling. (Doc. Nos. 131 and 132).

So Ordered.

                                                      s/ Jeffrey J. Helmick
                                                      United States District Judge