UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                     Case No. 3:16-cr-284

        Plaintiff,

    v.                                         MEMORANDUM OPINION
                                                     AND ORDER

William H. Cook, III,

        Defendant.

## I.    INTRODUCTION AND BACKGROUND

On October 19, 2018, Defendant William H. Cook, III was convicted by a jury of wire fraud, conspiracy to commit wire fraud, and mail fraud. On January 17, 2020, I sentenced him to a term of 28 months in prison and 2 years of supervised release. (Doc. No. 535). Between April 1, 2020, and January 12, 2022, I granted six motions Cook filed to extend his surrender date to the Federal Bureau of Prisons ("BOP"), based upon a course of ongoing medical treatment and several medical conditions which potentially placed him at higher risk of serious complications if he were to contract Covid-19.

Cook reported to the BOP on March 1, 2022. He served roughly 10 months of his 28-month sentence before he was released to home confinement on January 12, 2023. (*See* Doc. No. 140 at 2). According to BOP records, Cook was released from home confinement on July 28, 2023. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (last accessed Sept. 22, 2023).

Cook has filed a motion for an order "vacat[ing] the balance" of his sentence. (Doc. No. 140 at 2). The government has not responded to Cook's motion. For the reasons stated below, I deny the motion.

## II.  DISCUSSION

Modification of a term of supervised release is governed by § 3583(e). That subsection permits a court to terminate a term of supervised release after the expiration of one year of supervised release if the early termination is "warranted by the conduct of the defendant . . . and the interest of justice," as well as the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e)(1). A defendant's supervised release term does not begin to run until the day the defendant actually is released from the custody of the Bureau of Prisons. *United States v. Johnson*, 529 U.S. 53, 56-58 (2000) (citing 18 U.S.C. § 3624(e)).

Cook asserts I should "vacate" the remainder of his sentence because, according to his calculations, he has "spent in excess of 69+ months either in confinement, supervised release[,] or home confinement." (Doc. No. 140 at 2). (*See also id.* at 1 ("The purpose of this letter is to seek your approval to vacate the balance of my sentence because my time served 'in custody' has exceeded the original sentence you imposed.")). Cook's calculation includes time he spent on pre-trial supervised release as well as his post-conviction period of supervision resulting from his recurrent motions to exceed his required BOP reporting date. (*Id.*).

But Cook's term of supervised release did not begin until July 28, 2023 – the date on which he was released from home confinement. *Johnson*, 529 U.S. at 58 ("Release takes place on the day the prisoner in fact is freed from confinement."). He cannot rely on his pre-custodial periods of supervision to imply that his continued placement on supervised release following his release from custody is somehow improper.

2

### III. CONCLUSION

I lack the authority to modify Cook's supervised release term at this time because he has not served at least one year of supervised release after his release from custody. 18 U.S.C. § 3583(e)(1). Therefore, and for the reasons set forth above, I deny his motion for early termination. (Doc. No. 140).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge